IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 30 2019
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | |
|---|---|
| IN RE: § <br> MISTY CHANEY BRADY, § <br> § <br> Debtor, § <br> _____§ <br> § <br> MISTY CHANEY BRADY, § <br> § <br> Appellant, § <br> § <br> VS. § <br> § <br> MAXUS HEALTHCARE PARTNERS, § <br> LLC, ET AL., § <br> § <br> Appellees. § | Case No. 17-41120-MXM7 <br> Chapter No.: 7 <br><br><br><br><br><br> District Court Case <br> No. 4:19-CV-270-A |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the appeal of Misty Chaney Brady, appellant, from an order signed March 15, 2019, by the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, sustaining objections to claim of exemption in the above-referenced Chapter 7 case. Doc.[1] 6 at 4-7. The court, having considered the brief of appellant, the briefs of appellees, Maxus Healthcare Partners, LLC, ("Maxus"), and John Dee Spicer, Chapter 7 Trustee ("Trustee"), the reply brief, the record, and applicable authorities, finds that the order from which appeal is taken should be affirmed.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

I.

Background

On March 20, 2017, appellant filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. Doc. 6 at 22. On April 27, 2017, the case was converted to Chapter 11. Id. at 25. On October 24, 2017, appellant amended her Schedule C exemptions to add exemptions of her equity interests in Zera, Inc., Ricky Chaney Plumbing, LLC, BP Chaney, LLC, and Texas RHH, LLC ("closely held entities"). Id. 37, 146. No objections were made within the thirty-day period set by Bankr. R. 4003(b).

On December 12, 2018, appellant's case was again converted, this time to Chapter 7. Doc. 6 at 78, 171-72. Notice was given that the § 341 meeting of creditors was to be held January 8, 2019.[2] Id. at 78. On February 7, 2019, Maxus filed its objection to appellant's claim of exemptions. Id. at 86, 176-79. And, on February 8, 2019, the Trustee filed his objection to appellant's claim of exemptions. Id. at 86, 180-83. Appellant filed responses to the objections. Id. at 88, 184-95. Maxus and the Trustee filed replies. Id. at 89, 263-71.

The bankruptcy court heard the objections on March 6, 2019. Doc. 6 at 89, 209-52. By order signed March 15, 2019, the

---

[2]The docket entry for the meeting of creditors on January 8, 2019, confusingly recites that the meeting was held and concluded January 22, 2019. Doc. 6 at 82.

2

bankruptcy court sustained the objections. Id. at 89. On March 29, 2019, appellant filed her notice of appeal. Id. at 90.

II.

Issue on Appeal

The sole issue on appeal is whether the bankruptcy court erred in sustaining the objections to appellant's claimed exemptions to her interest in the closely held entities. Appellant maintains that because there were no timely objections to her claimed exemptions while her case was pending under Chapter 11, her interest in the closely held entities was no longer part of the bankruptcy estate and the conversion to Chapter 7 could not restart the clock for filing objections thereto.

III.

Standard of Review

The district court reviews a bankruptcy court's decisions as an appellate court, applying the same standards of review. Webb v. Reserve Life Ins. Co. (In re Webb), 954 F.2d 1102, 1103-04 (5th Cir. 1992). To the extent the appeal presents questions of law, the bankruptcy court's order is subject to de novo review. Pierson & Gaylen v. Creel & Atwood (In re Consolidated Bancshares, Inc.), 785 F.2d 1249, 1252 (5th Cir. 1986). Findings of fact, however, will not be set aside unless clearly erroneous.

Memphis-Shelby County Airport Auth. v. Braniff Airways, Inc. (In re Braniff Airways, Inc.), 783 F.2d 1283, 1287 (5th Cir. 1986).

IV.

## Analysis

Section 522 of the Bankruptcy Code provides, in pertinent part:

> The debtor shall file a list of property that the debtor claims as exempt . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C. § 522(l). The statute itself does not set a deadline for the filing of objections. Bankruptcy Rule 4003 gives parties in interest a thirty-day deadline from the meeting of creditors or from the filing of supplemental schedules or amendments to the list of property claimed as exempt in which to file objections. If no timely objection is filed, the claimed exemption will exclude the property from the bankruptcy estate. Schwab v. Reilly, 560 U.S. 770, 774 (2010). This is so whether the exemption was authorized by law or claimed in good faith. Taylor v. Freelane & Kronz, 503 U.S. 638, 642-45 (1992).

In a case converted to Chapter 7, Bankruptcy Rule 1019(2)(B) provides that a new time period commences under Rule 4003(b) for filing objections to claims of exemption (unless certain exceptions not relevant here apply). This rule was added in 2010. Bankr. R. 1019 Advisory Committee Notes to 2010 amendments.

Appellant recognizes that appellees' objections were timely under Rule 1019(2)(B), but argues that a procedural rule cannot supersede substantive property rights given to a debtor under § 522(l) of the Bankruptcy Code. Doc. 7 at 6. She overlooks, however, that she is claiming the substantive right to the exemption through a procedural rule, Bankr. R. 4003, just as appellees were granted the right to object through a different procedural rule, Bankr. R. 1019(2)(B). She does not explain why one procedural rule should trump another, especially where the latter specifically applies where a case is converted to a Chapter 7 as happened here.

In making its ruling, the bankruptcy court adopted the reasoning of In re Gnadt, No. 11-10378-BFK, 2015 WL 2194475 (Bankr. E.D. Va. May 7, 2015). Doc. 6 at 5. Appellant argues that Gnadt was wrongly decided, relying on a Second Circuit case, Bell v. Bell (In re Bell), 225 F.3d 203 (2d Cir. 2000), decided before the adoption of Bankr. R. 1019(2)(B). Bell is not pertinent or persuasive; Gnadt is. And, appellant's claim that application of Rule 1019 will lead to absurd results, Doc. 7 at 12-13, is largely foreclosed by the exceptions to the Rule that are not applicable here. For example, the new time period does not apply if the case was converted to Chapter 7 more than one year after entry of the first order confirming a plan under Chapter 11, 12,

5

or 13. Bankr. R. 1019(2)(B)(i). Presumably, had appellant been able to confirm a such a plan, this appeal would never have arisen.

In sum, under appellant's logic, Rule 1019(2)(B) could not be enforced. She has not demonstrated that the bankruptcy court's opinion to the contrary is erroneous.

V.

Order

The court ORDERS that the order from which appeal is taken be, and is hereby, affirmed.

SIGNED July 30, 2019.

_____
JOHN McBRYDE
United States District Judge